UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:23-cv-00779-SRC ) ) |
| ST. LOUIS UNION INSTALLATIONS, LLC, | ) ) ) |
| Defendant. | |

**Memorandum and Order**

Plaintiffs—a labor organization and fiduciaries of various multi-employer benefit plans covered by ERISA—sued St. Louis Union Installations, LLC, for delinquent contributions those plans. Doc. 1. Installations failed to appear after being validly served, and the Clerk of Court entered default upon Plaintiffs' motion under Federal Rule of Civil Procedure 55(a). Plaintiffs now seek an order compelling a payroll audit so they can prove their damages and judgment for contributions. Doc. 17.

**I.  Background**

One of the plaintiffs is a labor union; the other plaintiffs are pension, health, and welfare-benefit funds of the union and their respective fiduciaries. Union Plaintiff—Mid-America Carpenters Regional Council—is a labor organization under the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization under ERISA, 29 U.S.C. § 1002(4). Doc. 1 at ¶ 2. The fund Plaintiffs are the Carpenters' Pension Trust Fund of St. Louis, the St. Louis-Kansas City Regional Health Plan, the St. Louis-Kansas City Regional Annuity Fund, the St. Louis-Kansas City Carpenters Regional Vacation Plan, and the St. Louis-Kansas City Carpenters

Regional Training Fund.  *Id.* at ¶ 3.  The fiduciary Plaintiffs are the Board of Trustees, plan sponsors, and fiduciaries of each corresponding fund.  *Id.*  The Funds are all employee-benefit plans under ERISA, 29 U.S.C. §§ 1002(3), 1132(d)(1), and multi-employer plans under ERISA, 29 U.S.C. §§ 1002(37)(A), 1145.

Installations entered into an Agreement with the Plaintiffs that requires it to contribute to the Funds, to forward to the Union dues deducted from employees' paychecks, and to provide the Funds' offices with monthly statements showing the number of regular and overtime hours worked by each employee.  Doc. 1 at ¶ 5.   Plaintiffs filed this case on June 16, 2022, raising claims under Section 502 of ERISA, as amended, 29 U.S.C. § 1132, and the Labor Management Relations Act, 29 U.S.C. § 185.  Plaintiffs allege that Installations failed to make all obligated contributions to the Funds and to forward to the Union all the deducted dues.

Defendants failed to plead or otherwise defend by the deadline, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), and no counsel has entered an appearance.  Upon Plaintiffs' motion, Doc. 16, the Clerk of Court entered default on August 22, 2023, Doc. 19.  Plaintiffs now apply for a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, primarily seeking the Court to compel Installations to account for dues owed to Plaintiffs from January 1, 2021, until the current date.  Doc. 17.

**II.      Standard**

Default judgments are not favored in the law, and before granting one, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim.  *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No.

2

4:09-cv-1628-CEJ, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011).  To obtain a default judgment under Rule 55(b), a party must follow a two-step process.

First, the party must obtain an entry of default from the Clerk of Court.  Fed. R. Civ. P. 55(a).  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  *Id.*  Once the Clerk enters default, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Second, the party must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "[T]he entry of a default judgment . . . [is] committed to the sound discretion of the district court."  *Harre*, 983 F.2d at 130 (citing *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (reviewing the entry of default judgment for abuse of discretion) (citations omitted).  While courts deem all well-pleaded facts admitted upon default, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citing 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)).

A party entitled to default judgment must sufficiently prove its damages.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001).  "[A] default judgment cannot be entered until the amount of damages has been ascertained."  *Hagen v. Sisseton-Wahpeton*

3

*Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

In addition to specified damage awards, ERISA expressly permits equitable relief to redress any act or practice that violates ERISA or the terms of a plan. 29 U.S.C. §§ 1132(a)(3), 1132(g)(2)(E). "An audit constitutes an appropriate element of relief in an ERISA case where the amount of the delinquency is not known." *Painters Dist. Council No. 2 v. Com. Drywall Const., LLC*, No. 4:11-cv-1430-CAS, 2012 WL 996663, at *4 (E.D. Mo. Mar. 23, 2012) (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26 (D.D.C. 2002)).

### III.    Analysis

The Court begins by considering whether the unchallenged facts constitute legitimate causes of action. *Murray*, 595 F.3d at 871 (citing 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Plaintiffs bring an ERISA claim, alleging that Installations did not comply with the terms of their Agreement. Doc. 1 at ¶¶ 7–10. Plaintiffs bring this action under section 502, which requires employers to make contributions to a multiemployer plan in compliance with the agreement. 29 U.S.C. § 1145. Pursuant to section 502 of ERISA, Plaintiffs seek an audit and accounting to determine the costs payable to them for Installations' failure to pay required fees. ERISA allows the following:

> A civil action may be brought—
> . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain

> other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a).  Courts regularly require defendants to discharge their obligations in fringe-benefit disputes.  *See, e.g.*, *Laborers Fringe Ben. Funds-Detroit & Vicinity v. Nw. Concrete & Const., Inc.*, 640 F.2d 1350, 1350–53 (6th Cir. 1981); *Cent. States, Se. & Sw. Areas Pension Fund v. N.E. Friedmeyer-Sellmeyer Distrib. Co.*, 650 F. Supp. 978, 980 (E.D. Mo. 1987); *Trs. for IBEW, Loc. No. 1, Health & Welfare Fund v. Res. Elec. Sys., Inc.*, No. 4:20-cv-00218-JCH, 2020 WL 7353709, at *1, *4–5 (E.D. Mo. Dec. 15, 2020); *Painters*, 2012 WL 996663, at *4.

Plaintiffs also seek attorneys' fees and costs, audit fees, and any contributions, liquidated damages, and interest found to be due and owing based on the requested payroll audit.  Doc. 1 at ¶ 10–11.  ERISA explicitly requires, or permits in the Court's discretion, each type of relief that Plaintiffs request.  *See* 29 U.S.C. § 1132(g).  Plaintiffs have pleaded a valid cause of action under ERISA.  Further, Plaintiffs cannot currently prove their damages, and the Court therefore holds the motion for default judgment in abeyance.  *Hagen*, 205 F.3d at 1042 (quoting *Enron*, 10 F.3d at 97).  The Court orders Installations, by no later than September 22, 2023, to fully submit to a payroll audit pursuant to the audit provisions of the Agreement, Doc. 1-2, for the period spanning from January 1, 2021, to September 8, 2023.  As part of the payroll audit, Installations must submit monthly contribution reports from the months of January 1, 2021, to September 8, 2023.  By no later than October, 20, 2023, Plaintiffs must either supplement the record with any proof establishing damages and attorney fees or, if Installations does not submit to an audit, file a report advising the Court on the status of this case.

### III.    Conclusion

Accordingly, the Court holds the motion for default in abeyance.  Doc. 17.  The Court orders Installations to produce, by no later than September 22, 2023, all records necessary for

5

Plaintiffs to complete a payroll audit pursuant to the Audit provisions of the Agreement, for the period of January 1, 2021, through September 8, 2023.

By no later than October 20, 2023, Plaintiffs must either: (a) supplement the record with any proof establishing damages and attorney fees; or (b) if Installations does not submit to an audit, file a report advising the Court on the status of the case.

So Ordered this 8th day of September 2023.

*SL R. CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE